## Case No. 14,274.

### The TUSKER.

[1 Spr. 71.][1]

District Court, D. Massachusetts. Dec., 1843.

SHIPPING—CARRIERS—BILL OF LADING—ERROR IN —LIABILITY OF OFFICERS.

1. If through the negligence of the mate of a vessel, in taking account of cargo, a loss to the owner has necessarily resulted, he may be responsible therefor.
[Cited in The T. F. Whiton, Case No. 13,849.]

2. But if a mate by mistake, give drayage receipts for a greater quantity of merchandize than has been received, and a bill of lading is given for the amount of such receipts, the master is not bound to deliver to the shipper more than was actually received.
[Cited in Robinson v. Memphis & C. R. Co., 9 Fed. 139.]

3. If the master, having it in his power to prove the error in the bill of lading, voluntarily and without notice to the mate, pay to the consignee, who is acting only for the shipper, the difference between the amount delivered to him, and that stated in the bill of lading, the mate is not liable therefor.

In admiralty.

Edward Blake, for libellant.
A. H. Fiske, for claimant.

SPRAGUE, District Judge. This is a libel for wages. The answer alleges that the libellant as mate of this brig, had the sole charge of taking on board a cargo at New Orleans,—and that through carelessness, he gave drayage receipts for 109 barrels of pork and received only 101. That the master being misled by such receipts, signed bills of lading for 109 barrels, and on arriving at Boston having only 101 to deliver, paid to the consignee the value of the other eight barrels embraced in the bill of lading, and insists that the amount so paid should be deducted from the libellant's wages. There are two insurmountable objections to this defence; First, it is not proved that the mate signed receipts for too many barrels,—second, if he had, and the error in the bill of lading was occasioned thereby, still he would not be bound to refund the amount paid to the consignee. There had been no transfer of the bill of lading, or of the property. It still belonged to the shipper, and the consignee was merely his agent. The bill of lading consists of two parts, a receipt and a promise. It acknowledges that certain goods have been shipped and engages to deliver them. The receipt may be contradicted by parol. The master had it in his power to show that only 101 barrels were shipped. And the shipper had no claim whatever for more than that quantity. The master voluntarily paid the consignee for eight barrels for which he had no claim, and without any notice to the mate; this certainly cannot bind the mate to refund. If through the negligence of the libel-

[1] [Reported by F. E. Parker, Esq., assisted by Charles Francis Adams, Jr., Esq., and here reprinted by permission.]

lant, a loss had necessarily resulted, he might have been responsible therefor, but it does not appear that any loss has necessarily resulted from the error in the bill of lading.

Decree for the amount of wages without deduction.

See Sutton v. Kettell [Case No. 13,647].